IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 10–cv–01245–KMT–KLM

ALLIANCE CONSTRUCTION SOLUTIONS OF WYOMING, LLC, a Wyoming limited liability corporation,

   Plaintiff,

v.

PURGATOIRE VALLEY CONSTRUCTION, INC., a Colorado corporation,

   Defendant.

## ORDER

This matter is before the court on "Plaintiff's Unopposed Motion for Leave to File Amended Complaint" (Doc. No. 14, filed August 13, 2010.)

In its Motion, Plaintiff seeks to amend its Complaint to correct errors in the initial Complaint. Plaintiff states that in the initial Complaint, when it used the term "dirt work," it was referring to the dirt related work, which encompasses both "Dirt Work," and "Site Utilities," as opposed to the concrete work, which encompassed "Concrete" and "Site Concrete." Plaintiff states that, as a result, the Complaint could be construed as being in error when it refers only to the "Dirt Work" portion of the bid being used and accepted, when, in fact, Plaintiff alleges that PVC allowed it to break out the bid as long as the work included both the Dirt Work and the Site Utilities. Defendant does not oppose the requested relief.

Pursuant to Fed. R. Civ. P. 15(a), "[t]he court should freely give leave (to amend the pleadings) when justice so requires." *See also York v. Cherry Creek Sch. Dist. No. 5*, 232 F.R.D. 648, 649 (D. Colo. 2005); *Aspen Orthopaedics & Sports Medicine, LLC v. Aspen Valley Hosp. Dist.*, 353 F.3d 832, 842 (10th Cir.2003). The Supreme Court has explained the circumstances under which denial of leave to amend is appropriate.

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962). *See also Triplett v. LeFlore County, Okl.*, 712 F.2d 444, 446 (10th Cir. 1983).

The court has not set yet held a Scheduling Conference in this case. Plaintiff's Motion is timely. Moreover, this case is in the relatively early stages of litigation. Finally, upon review of Plaintiff's Motion and his proposed Amended Complaint, the court finds there has been no showing of undue delay, bad faith or dilatory motive, undue prejudice, or futility.

Therefore, it is **ORDERED**

"Plaintiff's Unopposed Motion for Leave to File Amended Complaint" (Doc. No. 14) is **GRANTED**. The Clerk of Court is directed to file Plaintiff's "Amended Complaint" (Doc. No. 14–1).

Dated this 19th day of August, 2010.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge