IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 10–cv–01245–KMT–KLM

ALLIANCE CONSTRUCTION SOLUTIONS OF WYOMING, LLC, a Wyoming limited liability corporation,

    Plaintiff,

v.

PURGATOIRE VALLEY CONSTRUCTION, INC., a Colorado corporation,

    Defendant.
_____

## **<u>AMENDED</u> CIVIL TRIAL PROCEDURES ORDER**
_____

The following procedures and orders supplement the Federal Rules of Civil Procedure and the local rules of this court. In order fairly and efficiently to try the merits of each case, the following ORDERS apply.

### *I.   Final Trial Preparation Conference with Trial Magistrate Judge*

1.   The parties are to exchange their pre-marked exhibits on the date set forth in the final pretrial order. Plaintiff shall use numbers and defendant shall use letters. Exhibit lists and witness lists shall be electronically filed under the Court's Electronic Filing Procedures three days before the trial preparation conference. Stipulations as to authenticity and admissibility shall be set forth on the exhibit lists. Counsel shall be prepared to stipulate to the admissibility of exhibits at the trial preparation conference.

2.   Prior to trial, the parties are to decide upon joint exhibits, and thus avoid duplication of exhibits, and are to stipulate to the authenticity and admissibility of as many exhibits as possible. If the parties agree on joint exhibits, a joint exhibit list shall be electronically filed with the court under the Court's Electronic Filing Procedures three days before the trial preparation conference.

3. Each party shall electronically file objections to exhibits under the Court's Electronic Filing Procedures three days before the trial preparation conference. The objections shall state in a clear and concise fashion the evidentiary grounds for the objection and the legal authority supporting such objection. If the authority is a Federal Rule of Evidence, the Rule is to be cited; if the authority is case law, the case shall be cited.

4. Three days prior to the final trial preparation conference, counsel shall file, under the Court's Electronic Filing Procedures, their final witness lists, with an estimate of each witness's direct examination testimony time. Each witness designated as a "will call" witness shall be counsel's representation, upon which opposing counsel can rely, that the witness will be present and available for testimony at trial.

5. In the event videotaped deposition testimony will be used, opposing counsel must be given notice of each page and line intended to be used ten days prior to the final trial preparation conference. Any objections to the testimony must be marked on a copy of the transcript and provided to the court three days before the final trial preparation conference. Objections to videotaped testimony will be ruled on prior to trial.

6. Any stipulated amendments to the pretrial order are to be electronically filed under the Court's Electronic Filing Procedures.

7. Motions in limine are to be electronically filed under the Court's Electronic Filing Procedures no later than five business days before the final trial preparation conference. Counsel are advised that motions in limine are discouraged.

## II.    *Prior to Trial*

1. Thirty days before trial, counsel shall notify my courtroom deputy of any need for special accommodations for any attorney, party or witness, any need for technological equipment, such as videoconferencing, or equipment needed for the presentation of evidence using CD-ROM or other electronic presentation of evidence.

2. Five business days before trial to a jury, proposed voir dire questions and proposed instructions and proposed verdict forms shall be filed electronically under the Court's Electronic Filing Procedures and a copy e-mailed as an attachment in Word or WordPerfect format to me at Tafoya_Chambers@cod.uscourts.gov. The email attachments shall contain two versions of proposed substantive jury instructions, one with sources or authority and one without. Counsel are to agree and submit two hard copy sets of proposed stock instructions without authority but with yellow post-its citing the applicable authority on one copy. Counsel will be given a limited amount of time to voir dire the jury following the court's questions.

3.      For trials to the court, counsel shall electronically file under the Court's Electronic Filing Procedures the proposed findings of fact and conclusions of law at least five business days prior to trial.

4.      Trial briefs, if any, are to be electronically filed under the Court's Electronic Filing Procedures no later than five business days prior to trial.

5.      Pursuant to D.C.COLO.LCivR. 54.2, in order to avoid the assessment of jury costs, counsel must notify the court clerk and the trial magistrate judge's chambers of a settlement before twelve o'clock noon on the last business day before the scheduled trial date.

6.      Counsel are to advise each other of the proposed deposition testimony offered by page and line reference at least five days before the trial so that opposing counsel can prepare objections and offer additional portions of the transcript.  Counsel must provide a person to read the deposition responses.

### *III. First Day of Trial*

1.      Counsel shall provide three copies of witness lists to the courtroom deputy and one copy to opposing counsel.

2.      Counsel shall provide three copies of exhibit lists to the courtroom deputy and one copy to opposing counsel.

3.      Counsel shall provide the original exhibits, properly marked and tabbed, with pages of each exhibit numbered filed in one or more notebooks, to the courtroom deputy.  Two additional copies of notebooks with exhibit copies shall be provided to the court, and one copy shall be provided to opposing counsel.  Exhibits with more than one page shall have each page numbered.

4.      Each party may provide notebooks for juror exhibits.  Those exhibits which have been stipulated to may be placed in the jurors' notebooks prior to trial. Additional exhibits may be published to the jury for placement in juror notebooks following the exhibit's admission into evidence at trial.

5.      Counsel shall provide three copies of any stipulated facts to the courtroom deputy and one copy to the opposing counsel.

### *IV. General Information*

1. My courtroom deputy's name is Nick Richards, who can be reached at (303)335-2180. Any questions concerning exhibits or courtroom equipment may be directed to him. The proceedings will be digitally recorded. Any request for transcripts should be directed to the courtroom deputy. Extraordinary requests, such as for daily copy, should be made at least 30 days in advance of the trial date. Please do not call my law clerk about procedural or scheduling matters.

2. At trial, all parties and witnesses shall be addressed as "Mr.", "Mrs.", "Ms.", "Dr.", etc. Informal references are not authorized except when children are testifying.

3. In jury trials, instructions are given prior to closing arguments. Copies of written instructions will be given to the jury for its deliberations.

4. Trial is set for two days to the Court beginning October 26, 2011 at 9:00 a.m. in Courtroom C-201, Byron R. Rogers U.S. Courthouse, 1929 Stout Street, Denver, Colorado, 80294.

5. The trial preparation conference is set for September 19, 2011 at 11:00 a.m. in Courtroom C-201.

Dated this 22nd day of August, 2011.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge